IN THE SIXTEENTH CIRCUIT COURT OF
JACKSON COUNTY, MISSOURI

| | | |
|---|---|---|
| MICHAEL CASEY and<br>ARLENE CASEY | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | CASE NO. |
| PHOENIX RENOVATION AND<br>RESTORATION, INC.<br>Serve registered agent:<br>   W S Registered Agent, Inc.<br>   4510 Belleview, Ste 300<br>   Kansas City, MO 64111 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | DIV. |
| And | )<br>) | |
| CHUCK REID, LLC<br>Serve registered agent:<br>   SLS Service Corp. of Kansas, Inc.<br>   14105 Benson St.<br>   Overland Park, KS 66221 | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## PETITION

COME NOW Plaintiffs Michael and Arlene Casey (the "Caseys"), and for their causes of action against Defendant Phoenix Renovation and Restoration, Inc. ("Phoenix") and Chuck Reid, LLC ("Reid") (collectively Phoenix and Reid will be referred to as "Defendants"), state as follows:

## PARTIES

1. The Caseys are individuals who reside in Pleasant Hill, Missouri.

2. Phoenix is a Kansas for-profit corporation in good standing and authorized to transact business in the State of Missouri.

3. Reid appears to be a Kansas corporation that is delinquent under the laws of Kansas.



1

4. All the actions, inactions, facts and matters attributed to Defendants were done by their duly authorized agents or employees acting within the scope and course of their agency and/or their employment.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to R.S.Mo. § 478.070 because this Court has original jurisdiction over all civil and criminal matters unless otherwise proved by law.

6. Venue is proper pursuant to R.S.Mo. § 508.010(4) because the injuries alleged in this action occurred in Jackson County, Missouri.

## BACKGROUND

7. At all times relevant hereto, the Caseys owned the real property located at 431 E. 80th Terrace, Kansas City, MO 64131 (the "Property").

8. On or about December 23, 2017, a fire occurred at the Property causing significant damage to same.

9. On February 9, 2018, the Caseys, acting by and through their authorized agent Corey Casey, executed a written contract with Phoenix (the "Contract"). *See Caseys' Exhibit 1 – Phoenix Renovation and Restoration, Inc., Repair Agreement.*

10. Pursuant to the Contract, Phoenix promised to repair the damages to the Property caused by the December 2017 fire (the "Project").

11. At no point in time did the Caseys contract with, hire, or retain any other individual or entity to repair the damages to the Property caused by the December 2017 fire.

12. At no point in time did the Caseys agree to discharge Phoenix from any duty or liability described in, or arising from, the Contract.

13. Pursuant to Paragraph 19 of the Contract, "[Phoenix] shall exercise the diligence, skill, and care that is customary for professionals providing similar services" with respect to the Project.

14. On February 14, 2019, at approximately 9:33 a.m., Jesse Caplinger, Project Manager for Phoenix, arrived at the Property to check on the Project.

15. At that time, Reid painters (agents of Phoenix) were working at the Property.

16. At approximately 12:00 p.m., Reid painters started to stain the kitchen island by hand using cloth rags and "Old Masters" stain.

17. The packaging for the "Old Masters" stain used by the painters provides the following warning: **"To avoid spontaneous combustion during temporary storage, place soiled rags and waste immediately after use in a water filled, closed metal container."**

18. At approximately 4:04 p.m., Mr. Caplinger returned to the Property to check on Reid painters' progress and left approximately 15 minutes later.

19. Reid's painters (and agents of Phoenix) failed to properly dispose of and/or store the stain-soiled cloth rags and, instead, simply left the rags in a pile in or near the kitchen.

20. Upon information and belief, Reid's painters (and agents of Phoenix) left the Property that day at approximately 5:00 p.m.

21. At some time between approximately 5:00 p.m. and 10:27 p.m., the stain-soiled cloth rags spontaneously combusted and caused a fire at the Property.

22. Later that evening, at approximately 10:27 p.m., the fire at the Property was reported to "911" by a neighbor.

23. As a result of the fire that evening, the Property, and the Caseys' contents contained therein, was significantly damaged and/or destroyed, thereby damaging the Caseys in an amount in excess of $399,000.00.

## Count I – Breach of Contract Claims Against Phoenix

24. The Caseys incorporate paragraphs 1-23 of the Petition as if fully set forth herein.

25. In performing the work described in the Contract, Phoenix had an express, non-delegable duty to "exercise the diligence, skill, and care that is customary for professionals providing similar services." *See Exhibit 1, Paragraph 19.*

26. Phoenix breached its express, non-delegable duty when its agents failed to properly dispose of and/or store the stain-soiled cloth rags and, instead, simply left the rags in a pile in or near the kitchen.

27. As a result of Phoenix's breach of its express, non-delegable duty and the improper disposal and/or storage of the stain-soiled cloth rags, the rags spontaneously combusted which resulted in the fire that damaged and/or destroyed the Property and the Caseys' contents contained therein.

28. Pursuant to Paragraph 9 of the Contract, "[Phoenix] provides a one-year limited warranty against defects in [Phoenix] and subcontractor-supplied labor and materials used in the Project." ("Express Warranty").

29. Phoenix breached its Express Warranty by failing to repair, or pay for the cost of repairing, the damage to the Property and the Caseys' contents contained therein resulting from the defective labor supplied by its subcontractor, Reid.

30. As a result of Phoenix's breach of its Express Warranty, the Caseys have incurred expenses in the amount of $399,479.50

31. The Caseys have also incurred attorney fees as a result of Phoenix's actions for which they are entitled to recover pursuant to the Contract.

WHEREFORE, Plaintiffs pray for judgment against Defendant Phoenix for breach of contract amounting to $399,479.50; for all reasonable attorneys fees and costs; pre-judgment

Electronically Filed - Jackson - Independence - September 11, 2020 - 11:24 AM
Electronically Filed - Jackson - Independence - September 11, 2020 - 11:24 AM

38. At all times relevant hereto, Phoenix had a duty to complete the Project exercising the diligence, skill, and care that is customary for professionals providing similar services.

39. Phoenix, by and through its employees and/or agents, breached said duty and was thereby negligent in one or more of the following ways:

    a. On February 14, 2019, Jesse Caplinger, Projected Manager for Phoenix, arrived at the Property while the painters were using "Old Masters" stain and:

        i. Mr. Caplinger failed to properly supervise the application of the stain and the disposal of the cloth rags used to apply the stain;

        ii. Mr. Caplinger failed to ensure the cloth rags used to apply the stain were disposed of or stored in a safe manner; and,

        iii. Mr. Caplinger left the Property while the painters continued to work, thereby failing to superintend or inspect the work of the painters.

        iv. Mr. Caplinger failed to return to the Property upon completion of work for the day to ensure the cloth rags used to apply the stain were disposed of or stored in a safe manner.

    b. Phoenix hired painters when it knew, or should have known, that they were unable to perform the required work exercising the diligence, skill, and care that is customary for professionals providing similar services.

    c. Phoenix retained Reid when it knew, or should have known, that Reid's employees were unable to perform the required work exercising the diligence, skill, and care that is customary for professionals providing similar services.

40. One or more of the above acts of negligence by Phoenix, by and through its employees and/or agents, were a proximate and/or direct cause of the February 14, 2019 fire and of the Caseys' monetary damages related to the fire that are in excess of $400,000.

WHEREFORE, Plaintiffs pray for judgment against Defendant Phoenix for negligence in an amount to be determined at trial; for all reasonable attorneys fees and costs; pre-judgment interest and post-judgment interest on all sums awarded; and for such other relief as the Court deems appropriate under the circumstances.

### Count IV – Negligence Against Reid

41. The Caseys incorporate paragraphs 1-40 of the Petition as if fully set forth herein.

42. At all times relevant hereto, Reid had a duty to complete the Project exercising the diligence, skill, and care that is customary for professionals providing similar services.

43. Reid, by and through its employees and/or agents, breached said duty and was thereby negligent in one or more of the following ways:

    a. On February 14, 2019, Reid's painters were using "Old Masters" stain and (1) Reid's painters failed to properly dispose of the cloth rags used to apply the stain; and (2) Reid's painters failed to ensure the cloth rags used to apply the stain were disposed of or stored in a safe manner; and,

44. One or more of the above acts of negligence by Reid, by and through its employees and/or agents, were a proximate and/or direct cause of the February 14, 2019 fire and of the Caseys' monetary damages related to the fire that are in excess of $400,000.

WHEREFORE, Plaintiffs pray for judgment against Defendant Reid for negligence in an amount to be determined at trial; for all reasonable attorneys fees and costs; pre-judgment interest and post-judgment interest on all sums awarded; and for such other relief as the Court deems appropriate under the circumstances

### Count V – Negligent Supervision Against Phoenix

45. The Caseys incorporate paragraphs 1-44 of the Petition as if fully set forth herein.

46. At all times relevant hereto, Phoenix had a duty to supervise the work at the Property exercising the diligence, skill, and care that is customary for professionals providing similar services.

47. As a contractor, Phoenix knew or should have known that when painting with oil or stain there is a dangerous risk of spontaneous combustion and fire.

48. Phoenix, by and through its employees and/or agents, breached said duty and was thereby negligent in one or more of the following ways:

    a. On February 14, 2019, Jesse Caplinger, Projected Manager for Phoenix, arrived at the Property while the painters were using "Old Masters" stain and:

        i. Mr. Caplinger failed to properly supervise the application of the stain and the disposal of the cloth rags used to apply the stain;

        ii. Mr. Caplinger failed to ensure the cloth rags used to apply the stain were disposed of or stored in a safe manner; and,

        iii. Mr. Caplinger left the Property while the painters continued to work, thereby failing to supervise the work of the painters.

        iv. Mr. Caplinger failed to return to the Property upon completion of work for the day to ensure the cloth rags used to apply the stain were disposed of or stored in a safe manner.

49. In so doing, Phoenix failed to supervise and control the actions of its agents for which a dangerous propensity of spontaneous combustion existed.

50. One or more of the above acts of negligence by Phoenix, by and through its employees and/or agents, were a proximate and/or direct cause of the February 14, 2019 fire and of the Caseys' monetary damages related to the fire that are in excess of $400,000.

WHEREFORE, Plaintiffs pray for judgment against Defendant Phoenix in an amount that would fairly and reasonably compensate them; for reasonable attorneys fees; pre-judgment interest and post-judgment interest on all sums awarded; and for such other relief as the Court deems appropriate under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial on all issues so triable.

Respectfully submitted,

DRZ Law, LLC

**/s/ Daniel R. Zmijewski**
DANIEL R. ZMIJEWSKI (MO #54675)
dan@drzlawfirm.com
8700 State Line Rd., Suite 305
Leawood, Kansas 66206
(913) 400-2033
Fax No.: (833) 340-0437


MCMAHON HILL, LLC


**/s/ Michael B. Hill**
MARK G. MCMAHON MO #30020
MICHAEL B. HILL MO #63505
7730 Carondelet Ave., Ste. 147
Clayton, MO 63105
(314) 863-5200
Fax (314) 863-1723
mike@mcmahonhill.com
ATTORNEYS FOR PLAINTIFFS